FILED

March 7, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

TIME 3:32 PM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KINGSPORT TENNESSEE

| | | |
|---|---|---|
| **Chad Drovdahl** | ) | **Docket No.: 2015-02-0143** |
| **Employee,** | ) | |
| **v.** | ) | **State File No.: 3062-2015** |
| | ) | |
| **City of Bristol, Tennessee,** | ) | **Judge: Brian K. Addington** |
| **Employer,** | ) | |
| **And** | ) | |
| | ) | |
| **TML Risk Management Pool,** | ) | |
| **Insurance Carrier.** | ) | |
| | ) | |

## ORDER GRANTING EMPLOYER'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the undersigned Workers' Compensation Judge on March 7, 2016, for a hearing on the Motion for Summary Judgment filed February 4, 201, by the City of Bristol, Tennessee. The Court conducted the hearing by telephone. Attorney Sam McPeak represented Bristol and its workers' compensation carrier, TML Risk Management Pool, at the hearing. Chad Drovdahl, employee, did not appear at the hearing.

Bristol sent Mr. Drovdahl a Notice of Hearing by mail, which it filed on February 5, 2016. At the time of the hearing, the Court stayed on the phone for ten minutes, but Mr. Drovdahl did not appear.

### History of the Claim

Mr. Drovdahl filed a Petition for Benefit Determination on May 26, 2015, seeking medical and temporary disability benefits for injuries sustained on January 13, 2015, when his right foot became stuck in mud at work. Mr. Drovdahl filed the PBD after Bristol denied further medical treatment when its independent medical examination physician, Dr. Galen Smith, determined Mr. Drovdahl's complaints did not arise from a work-injury.

1

On August 25, 2015, the Court conducted an Expedited Hearing. On August 31, 2015, the Court issued an Expedited Hearing Order that required Bristol to provide Mr. Drovdahl an appropriate panel of physicians. Mr. Drovdahl chose Dr. Charles Barnes from the physician panel. On October 22, 2015, Dr. Barnes issued an opinion that Mr. Drovdahl's employment did not contribute more than fifty percent in causing his current complaints.

On February 4, 2016, Bristol filed a Motion for Summary Judgment pursuant to Rule 56 of the Tennessee Rules of Civil Procedure. The employer notified Mr. Drovdahl of a hearing on the Rule 56 motion set for March 7, 2016.

Mr. Drovdahl did not respond to the Motion for Summary Judgment, and, as previously stated, did not appear at the motion hearing.

Bristol seeks a summary judgment and asserts there is no material fact in dispute as two physicians determined Mr. Drovdahl's need for treatment is not primarily related to his work with Bristol. Therefore, Mr. Drovdahl cannot prove he suffered an injury that arose primarily out of and in the course and scope of his employment.

**Discussion**

The statutory language concerning a Summary Judgment Motion is as follows:

In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:

(1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
(2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101 (2015).

Rule 56.03 requires a party opposing a motion for summary judgment to file a response to each of the facts the moving party set forth not later than five days before the hearing.

The Employer submitted evidence that Mr. Drovdahl's condition was not primarily caused by his work for Bristol. The Employer relied on specific facts set forth in its Statement of Undisputed Material Facts. Mr. Drovdahl bore the responsibility to respond to the Summary Judgment Motion and failed to do so. Under these

2

circumstances, the Court grants the motion and dismisses Mr. Drovdahl's claim with prejudice.

IT IS, THEREFORE, ORDERED as follows:

1. The Court grants Bristol's Motion for Summary Judgment.

2. Mr. Drovdahl's claim for benefits under the Tennessee Workers' Compensation Act is dismissed *with prejudice* to the refiling of the claim.

3. The Court taxes the $150.00 filing fee in this claim to the City of Bristol, and/or its workers' compensation carrier pursuant to Rule 0800-02-21-.07 of the Mediation and Hearing Rules of the Tennessee Bureau of Workers' Compensation, for which execution may issue as necessary. The City of Bristol or its carrier shall promptly remit the filing fee to the Clerk of the Court of Workers' Compensation Claims.

4. Unless an appeal of this order is filed with the Workers' Compensation Appeals Board or the Tennessee Supreme Court, this order shall become final in thirty days.

ISSUED AND FILED WITH THE COURT OF WORKERS' COMPENSATION CLAIMS ON THE 7th DAY OF MARCH, 2016.

Judge Brian K. Addington

Right to Appeal:

Tennessee Law allows any party who disagrees with this Dismissal Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within thirty days* of the date the Compensation Order was entered by the Workers' Compensation Judge. *See* Tenn. Comp. R. & Regs. 0800-02-22-.01(1)(b) (2015).

3. Serve a copy of the Request For Appeal upon the opposing party.

3

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be docketed and assigned to an Appeals Board Judge for Review. At that time, a docketing notice shall be sent to the parties. Thereafter, the parties have fifteen calendar days to submit briefs to the Appeals Board for consideration. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(3) (2015).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Order Granting Employer's Motion for Summary Judgement was sent to the following recipients by the following methods of service on this the 7th day of March, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Chad Drovdahl | X | | | 482 Hayes Road Ext. Bluff City, TN 37618 |
| Sam McPeak, Esq. | | | X | sam@hbm-lawfirm.com |

Penny Shram, Clerk of Court
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4